UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGIO ARIBU COMAS (A-Number: 039-137-919),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04387-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO (1) DENY PETITION FOR WRIT OF HABEAS CORPUS, (2) DENY AS MOOT RESPONDENTS' MOTION TO DISMISS, AND (3) DENY AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

(Docs. 1, 2, 8, 9)

**14-Day Objection Period**

Petitioner Sergio Aribu Comas ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 8, 2026, while in custody of the Immigration and Customs Enforcement ("ICE") at the Central Valley Annex facility, where he remains detained. (Doc. 1). Respondents are the unnamed Warden of the Central Valley Annex Detention Facility; the unnamed Acting Field Office Director of the ICE San Francisco Field Office; the unnamed Acting Director of ICE; the unnamed Secretary of the Department of Homeland Security ("DHS"); and the unnamed Acting United States Attorney General (collectively, "Respondents"). *Id.* at 1.

After the Court set a briefing schedule (Doc. 7), Respondents filed a motion to dismiss (Doc. 8) and Petitioner filed a traverse (Doc. 10). For the reasons set forth herein, the undersigned

recommends that Petitioner's petition for writ of habeas corpus be denied.

## I. Relevant Background

The relevant facts are taken from the parties' respective filings. *See* (Docs. 1, 8, 10). Plaintiff is a native and citizen of Cuba who was admitted to the United States as a lawful permanent resident on September 22, 1988. In August 2024, Petitioner was sentenced to a 30-month term of incarceration in Florida for violation of probation related to a conviction for aggravated assault with a weapon, and was notified upon release from custody in November 2025 that he was subject to a hold by ICE. He was detained in Jacksonville, Florida, then transferred to El Paso, Texas, and transferred again to the Central Valley Annex facility in McFarland, California. (Doc. 1 at 6-7; Doc. 8 at 1-2; Doc. 8-1; Doc. 8-2 at 14).

On December 10, 2025, Petitioner was served with a Notice to Appear charging him as removable from the United States due to his conviction for an aggravated felony. (Doc. 8-3). On February 23, 2026, Petitioner was ordered removed by an immigration judge. Any appeal of the removal order was due by March 25, 2026; Petitioner did not file an appeal and the order became final on March 26, 2026. (Doc. 8 at 2).

The undersigned takes judicial notice that the immigration judge ordered removal on February 23, 2026, and no appeal was received.[1]

## II. Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "[T]he essence of habeas corpus is an attack by a person in

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 6, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that custody is in violation of the U.S. Constitution or federal law. 28 U.S.C. § 2241(c)(3).

## III. Discussion

Petitioner asserts a single claim for relief for violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *See* (Doc. 1 at 17-18).

### A. Mandatory 90-Day Removal Period

"Where an alien falls within [the Immigration and Nationality Act] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). A removal order becomes final upon the earlier of either "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B); *see* 8 C.F.R. § 1003.39. Once an order of removal is final, the "Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). "While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Here, Petitioner was ordered removed by an immigration judge on February 23, 2026, with a deadline to appeal the order no later than March 25, 2026. "Whether or not Petitioner appealed the order of removal is significant here. If the decision was not appealed, then Petitioner's removal order would have become administratively final, and Section 1231(a)'s mandatory detention scheme would apply … However, if Petitioner *did appeal* that decision, the order would not be final, rendering Section 1231(a) inapplicable." *Cedeno v. Warden of Golden State Annex*, No. 1:26-cv-03611 (EJD), 2026 WL 1475818, at *2 (E.D. Cal. May 26, 2026) (citing cases; emphasis in

original).

There is no evidence in the record that an appeal was filed and the 30-day window to appeal has expired. *See* (Docs. 8, 10); 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c). The Executive Office for Immigration Review's database reflects that no such appeal was received. Thus, Petitioner's order of removal is administratively final and Petitioner must be held in custody for the 90-day removal period. *See Zadvydas*, 533 U.S. at 683; *Martinez Reyes v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-1877-TLN-JDP, 2026 WL 1162728, at *2 (E.D. Cal. Apr. 29, 2026) ("Here, petitioner was ordered removed on March 20, 2026. The order became final on April 21, 2026, which is when petitioner's allotted time for an appeal expired. Consequently, petitioner is subject to mandatory detention during his removal period, which runs through July 20, 2026.") (citation omitted).

The removal period begins on the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B). As the order of removal became final on March 26, 2026, the mandatory detention period ran until June 24, 2026. "As many courts have held, once a removal order becomes final triggering the Government's detention authority under § 1231(a), claims of error arising from pre-removal-order detention become moot." *Quizhpe Macas v. Warden, California City Det. Ctr.*, No. 1:26-cv-03046-DJC-EFB (HC), 2026 WL 1506814, at *3 (E.D. Cal. May 29, 2026) (citing cases). Petitioner's "due process right to be free from unduly lengthy detention, however, only attaches once the 90-day period of mandatory detention expires; in other words, there is no cognizable liberty interest in being free from detention during that 90-day period." *Id.* (citing *Zadvydas*, 533 at 682-83).

**B. Detainment Beyond the Removal Period**

"An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ...." *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6); alterations in original). "Applying the canon of

constitutional avoidance because a statute permitting indefinite detention of an alien would raise a serious constitutional problem,' the Supreme Court read an implicit limitation into § 1231(a)(6) and held that the statute limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1183 (E.D. Cal. 2025) (citations and quotations omitted). "Thus, after a presumptively reasonable 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

The 90-day removal period for Petitioner, requiring mandatory detention, ended on June 24, 2026. The six-month period found presumptively reasonable by the Supreme Court does not run until September 26, 2026. Courts within this circuit have found that this six-month period of detention does not need to be consecutive to reach the limit established in *Zadvydas*. *See Jaranow v. Bondi*, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (citing cases). In other words, any other period of time a petitioner has spent in civil immigration detainment following a final entry of removal, and separate from the current period of detention, may be considered in regard to the presumptively reasonable period of time. *See Tang v. Bondi*, No. 2:25-cv-01473-RAJ-TLF, 2025 WL 2637750, at *4 (W.D. Wash. Sept. 11, 2025) ("Here, Mr. Tang was detained for 92 days following his order of removal in 2011, and has been in custody for 113 days as of this order. Thus, his total period of confinement exceeds six months and is not presumptively reasonable under *Zadvydas*.").

There is no indication in the record that Petitioner was in immigration custody following an order of removal at some other instance in time. Additionally, time spent in custody on criminal charges does not count toward this period. *See Jaranow*, 819 F. Supp. 3d at 1236. Thus, the six-month period of presumptively reasonable detainment following a final order of removal has not run.

The fact that a noncitizen has been in immigration custody following a final order of removal for a period less than six months does not necessarily foreclose a claim that the detention is unlawful under *Zadvydas*. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) ("*Zadvydas* did not

hold that the statute authorizes detention until it approaches constitutional limits; it held that, *since* interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal.") (emphasis in original). "The six-month presumption of reasonability under *Zadvydas* is 'just that—a presumption.'" *Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting *Clark*, 543 U.S. at 387).

Regardless, it is Petitioner's burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Here, Petitioner does not provide any argument in support of there being no significant likelihood of removal in the reasonably foreseeable future. *See* (Docs. 1, 10). *Cf. Burunsuzyan*, 2026 WL 246067, at *5 (noting evidence in the petitioner's favor that immigration and other government officials repeatedly advised the petitioner of its unsuccessful efforts to obtain travel documents from Syria); *Nunez Sanchez v. Warden, Central Valley Annex Det. Facility*, No. 1:26-cv-04368-DJC-CKD, 2026 WL 2214195, at *2 (E.D. Cal. Aug. 2, 2026) ("Petitioner argues that the Government is not attempting to effectuate his removal to Cuba, and Respondents have not asserted otherwise. As for removal to Mexico, Petitioner contends that removable is not likely in the foreseeable future as Respondents have offered 'nothing beyond the Notice of Removal issued four months ago' and have no 'tangible' plans for removal. Petitioner has met his initial burden.").

Thus, as the six-month period of presumptively reasonable detention has not run and Petitioner has not met his burden under *Zadvydas*, the undersigned will recommend that the petition be denied.

## IV. <u>Conclusion and Recommendation</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be DENIED;
2. Respondent's motion to dismiss (Doc. 8) be DENIED as moot;
3. Petitioner's motions to appoint counsel (Docs. 2, 9) be DENIED as moot; and

4. The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE